Ameen v. Holder

BIA
Hom, IJ
A099 759 515
A099 759 516
A099 759 517
A099 759 518

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
>BARRINGTON D. PARKER,
>RICHARD C. WESLEY,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

NOORUL AMEEN, NASIMA AMEEN, MOHAMMED FAHAD, ERMA AMEEN,
>*Petitioner,*

>v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

11-724-ag

NAC

_____

FOR PETITIONER:        Mitchell C. Zwaik, Bohemia, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Jesse M. Bless, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Noorul Ameen ("Ameen"), Nasima Ameen, Mohammed Fahad, and Erma Ameen, natives and citizens of Pakistan, seek review of a January 25, 2011 decision of the BIA affirming the September 10, 2008 decision of Immigration Judge ("IJ") Sandy K. Hom denying Ameen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Noorul Ameen*, Nos. A099 759 515/516/517/518 (B.I.A. Jan. 25, 2011), *aff'g* Nos. A099 759 515/516/517/518 (Immig. Ct. N.Y. City Sep. 10, 2008). In seeking review, Ameen does not challenge the agency's denial of CAT relief or its findings that his testimony concerning his arrest by the police was not credible and that he did not establish a subjective fear of persecution independent of past persecution.

We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed

2

the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Ameen argues that the Muhajir Qaun Movement ("MQM") beat him because of his political affiliations and that he therefore established past persecution based on a protected ground.  Ameen further argues that the agency's decision was flawed by errors in the IJ's factual summary of his case.  His arguments are unavailing.  Ameen did not exhaust his administrative remedies related to those alleged errors by presenting them to the BIA.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

Ameen further argues that the agency erred by failing to consider whether the MQM had "mixed motives."  We disagree.  In evaluating his claim under the REAL ID Act's "one central reason" standard, *see* 8 U.S.C. § 1158(b)(1)(B)(i), the agency considered whether Ameen's political affiliation was one of the motives behind the harm he suffered, and therefore conducted an appropriate analysis.  *See Castro v. Holder*, 597 F.3d 93, 104 (2d Cir. 2010).  The agency reasonably found, moreover, that Ameen did not establish that his political affiliation was one

3

central reason for the harm he suffered at the hands of the MQM. Regarding the MQM's practice of extortion, the record does not compel the conclusion that Ameen was targeted because of his political views when he testified that the MQM are like "gangster[s]" who asked for "protection money" from "every store." Regarding the MQM's attempts to recruit Ameen as an undercover police officer, Ameen did not offer any evidence to show either that the MQM attempted to recruit him because of his political opinion or that the retaliation he suffered was motivated by anything except his unwillingness to cooperate. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). Thus, substantial evidence supports the agency's conclusion that Ameen did not establish that he suffered past persecution based on a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second

Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk